**Dated: October 13, 2023**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| In re | Chapter 11 |
| CENTRAL OKLAHOMA UNITED METHODIST RETIREMENT FACILITY, INC. *dba* EPWORTH VILLA, | Case No. 23-12607-SAH |
| Debtor. | Related to Doc. #108 |

**ORDER SETTING BAR DATE FOR FILING PROOFS OF CLAIM AND INTERESTS AND APPROVING RELATED DEADLINES AND NOTICE PROCEDURES**

Before the Court is the Application of Central Oklahoma United Methodist Retirement Facility, Inc. d/b/a Epworth Villa ("Epworth Villa"), filed on October 12, 2023, for an order establishing a bar date for filing proofs of claim and interests in this case and approving related deadlines and notice procedures (the "Application"; Doc. #108).

The Court finds that the Application should be **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:[1]

---

[1] Capitalized terms used herein but which are undefined shall have the same meaning ascribed to them in the Application.

{2783676;} 1

1. Except as otherwise provided herein, **December 1, 2023** (the "Bar Date") shall be and is hereby set as the last date and time for each person (including, without limitation, individuals, partnerships, corporations, joint ventures, other entities, and trusts), excluding governmental units, to file proofs of claim and interests based on prepetition claims against, or interests in, Epworth Villa in this chapter 11 case. The notice procedures outlined in the Application, and the proposed *Notice of Deadline to File Proofs of Claim and Interests* attached to the Application as Exhibit "A" (the "Bar Date Notice"), are reasonably calculated to provide all creditors and other parties in interest with sufficient notice of the Bar Date, are otherwise fair, reasonable, and adequate, and are hereby approved.

2. Pursuant to 11 U.S.C. § 502(b)(9)(A), governmental units shall have until 180 days after the Petition Date – September 29, 2023 – to file a proof of claim. The deadline for governmental units to file proofs of claim shall be March 27, 2024.

3. The requirement to file a proof of claim or interest applies to all persons (including, without limitation, individuals, partnerships, corporations, joint ventures, other entities, and trusts), excluding governmental units, who assert a claim against, or interest in, Epworth Villa that arose before the Petition Date – September 29, 2023 – even if the claim is contingent as to liability, disputed by Epworth Villa, or the amount owed has not been established.

4. A proof of claim need not be filed if the claim is listed for the correct amount by Epworth Villa in its bankruptcy schedules, as may be subsequently amended, provided that the claim is not listed therein as disputed, contingent, or unliquidated; *provided further* that if Epworth Villa's schedules are modified or supplemented after the entry of this order, any creditor whose claim is listed for the first time or changed in any such modification or

supplement shall have until the later of (i) December 1, 2023, or (ii) within thirty (30) days after the modification of Epworth Villa's schedules, to file a proof of claim with respect to such claim.

5.  BancFirst, as Indenture Trustee ("Trustee") of the Series 2004B, 2005A and B, and 2012A Bonds (the "Existing Bonds"), need not file a proof of claim with respect to the amounts due and owing by the Debtor with respect to the Existing Bonds and the obligations due under any of the documents governing the Existing Bonds (collectively, the "Existing Bond Claim")[2] , since under the terms of the Plan of Reorganization the Existing Bond Claim is deemed allowed; provided, however, that nothing contained herein shall modify the rights of any Committee, if appointed, to assert a challenge in accordance with and subject to any final order entered (the "Final DIP Order") with respect to the *Debtor's Emergency Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, And 507, (I) Authorizing The Debtor to Obtain Senior Secured Superpriority Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief with Brief In Support and Notice of Opportunity for Hearing* (as may be amended or supplemented).

6.  Creditors with claims arising out of the rejection of an executory contract or unexpired lease shall have until the later of (i) December 1, 2023 or (ii) within thirty (30) days after entry of an order approving the rejection, to file a proof of claim with respect to such claim.

---

[2] The Existing Bond Claim includes any and all outstanding principal on the Existing Bonds, which is owed in the aggregate amount of $78,458,000, plus any and all accrued interest, fees (including, without limitation, professional fees), expenses, costs and other charges payable with respect to the Series 2004B, 2005A and B, and 2012A Bonds, which Claims are Allowed pursuant to the terms of the Plan.

{2783676;}                                2

7. To be considered timely and properly filed, each proof of claim shall be filed in substantial conformity with Official Bankruptcy Form 410 (Form B 410), and in accordance with the instructions contained therein.

8. To be considered timely and properly filed, a completed copy of the proof of claim or interest shall be delivered to the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Ste. 147, Oklahoma City, OK 73102, via regular first-class United States mail, certified mail, overnight courier, or hand delivery. For registered users of this Court's CM/ECF filing system, proofs of claim or interests may also be filed via CM/ECF. Proofs of claim and interests will not be considered filed until received by the Clerk of this Court.

9. If a creditor or other party in interest is required to file a proof of claim or interest but fails to timely do so, that party may be forever barred from: (a) asserting any such claim or interest against Epworth Villa; (b) receiving any distribution from the bankruptcy estate under any plan of reorganization; and (c) voting on any plan of reorganization proposed for confirmation.

10. Epworth Villa's failure to designate any claim as "disputed," "contingent," or "unliquidated" in its schedules shall not constitute a waiver of any defense, counterclaim, or right to dispute such claim that Epworth Villa may have and Epworth Villa's scheduling of an amount for any claim shall not constitute a waiver of Epworth Villa's right to contest the amount or whether such claim is allowable.

11. Epworth Villa shall cause, no later than five (5) business days after the date this order is entered, copies of this Order and the Bar Date Notice to be mailed to the following parties, in accordance with Local Bankruptcy Rule 3003-1: all creditors, indenture trustees, equity security holders, and all persons requesting notice in this case.

12. Findings of fact are based upon representations of counsel.

### ###

APPROVED FOR ENTRY BY:

*/s/ Brandon C. Bickle*
Graydon D. Luthey Jr. OBA # 5568
Sidney K. Swinson, OBA # 8804
Mark D.G. Sanders, OBA # 22922
Brandon C. Bickle, OBA #22064
110 N. Elgin Ave., Suite 200
Tulsa, OK  74120
Telephone:  (918) 595-4800
Facsimile:   (918) 595-4990 (fax)
Emails:    dluthey@gablelaw.com
   sswinson@gablelaw.com
   msanders@gablelaw.com
   bbickle@gablelaw.com

Scott E. Kiplinger, OBA # 33938
499 West Sheridan Avenue
BOK Park Plaza, Suite 2200
Oklahoma City, OK 73102
Telephone: (405)235-5500
Facsimile:  (405) 235-2875
Email:   skiplinger@gablelaw.com

**Proposed Counsel to the Debtor**