{2706834;2}

# EXHIBIT 4

**(Liquidation Analysis)**

# LIQUIDATION ANALYSIS

The Bankruptcy Code requires that, with respect to an impaired class of claims or interests, each Holder of an impaired Claim or Interest in such class either (i) accepts the plan or (ii) receives or retains under the plan property of a value, as of the effective date of the plan, that is not less than the amount (value) such Holder would receive or retain if the debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

The Debtor, with the assistance of its professionals, has prepared the Liquidation Analysis presented in this Exhibit. The Liquidation Analysis is based upon a hypothetical liquidation in a chapter 7 case. In preparing the Liquidation Analysis, the Debtor has taken into account the nature, status and underlying value of its assets,* the ultimate realizable value of its assets, and the extent to which such assets are subject to liens and security interests. In addition, the Liquidation Analysis reflects the required time and resources necessary to effectuate an orderly wind-down and liquidation of the Debtor's facility, which provides critical care to residents and must comply with numerous federal and state regulations.

Based upon the Liquidation Analysis, the Debtor believes that liquidation under chapter 7 would result in substantially smaller Distributions, if any, being made to creditors than those provided for in the Plan because of: (a) the likelihood that the Debtor's Assets would have to be sold or otherwise disposed of in a distressed, and perhaps protracted, fashion; (b) additional administrative expenses attendant to the appointment of a trustee and the trustee's employment of attorneys and other professionals; and (c) additional expenses and Claims -- some of which may be entitled to priority -- which would be generated during the liquidation and from the rejection of leases and executory contracts in connection with a cessation of the Debtor's operations.

Accordingly, the Debtor believes that in a chapter 7 liquidation, Holders of Claims would receive less than such Holders would receive under the Plan. There can be no assurance, however, as to values that would actually be realized in a chapter 7 liquidation, nor can there be any assurance that a Court would accept the Debtor's conclusions or concur with such assumptions in making its determinations under section 1129(a)(7) of the Bankruptcy Code. NO INDEPENDENT AUDITOR OR ACCOUNTANT HAS REVIEWED THE LIQUIDATION ANALYSIS DESCRIBED HEREIN.

{2706834;2}

# Liquidation Analysis - Epworth Villa

| | Notes | SOFA Schedules A/B | Liquidation Recovery Percentage Low | High | Chapter 7 Liquidation Low | High |
|---|---|---|---|---|---|---|
| **Asset Liquidation** | | | | | | |
| Cash and Cash Equivalents | A | $402,174 | 100% | 100% | $402,174 | $402,174 |
| Escrow Entrance Fees and Reservation Deposits | B | $14,851,665 | 0% | 0% | - | - |
| Net A/R Residents | C | $2,848,365 | 30% | 70% | 854,510 | 1,993,856 |
| Other Receivables & Prepayments | D | $170,519 | 0% | 0% | - | - |
| Inventory | E | $0 | 0% | 0% | - | - |
| Prepaid Expenses and Deposits | F | $0 | 0% | 0% | - | - |
| Office Furniture, Fixtures & Equipment, Equipment & Vehicles | G | $5,710,251 | 15% | 40% | 856,538 | 2,284,100 |
| Real Property | H | $96,460,965 | 21% | 35% | 20,256,803 | 33,761,338 |
| Intangible Assets/Royalty Interest | I | $1,500,000 | 80% | 100% | 1,200,000 | 1,500,000 |
| Restricted Assets | J | $0 | 100% | 100% | - | - |
| **Total Proceeds Available** | | **$121,943,938** | | | **$23,570,023** | **$39,941,467** |
| | | | | | | |
| **Professional Fee Carve-Out** | | | | | | |
| Professional Fees | K | | | | ($1,500,000) | ($1,500,000) |
| US Trustee Fees | L | | | | (43,000) | (43,000) |
| Chapter 7 Trustee Fees | M | | | | (50,000) | (50,000) |
| **Total Wind Down/Closure Cost** | | | | | **($1,593,000)** | **($1,593,000)** |
| | | | | | | |
| **Net Proceeds for Available for Wind Down/Closure Cost and Secured Claims** | | | | | **$21,977,023** | **$38,348,467** |
| | | | | | | |
| Wind Down/Closure Cost | | | | | | |
| Wind Down/Closure | N | | | | ($300,000) | ($300,000) |
| Liquidating Trustee | O | | | | ($659,311) | ($1,150,454) |
| **Total Wind Down/Closure Cost** | | | | | **($959,311)** | **($1,450,454)** |
| | | | | | | |
| **Net Proceeds for Available for Secured Claims** | | | | | **$21,017,713** | **$36,898,013** |
| | | | | | | |
| **Estimated Senior Secured Claims** | | | | | | |
| Long Term Debt - Series 2004, 2005 & 2012 | P | $76,455,000 | | | ($76,455,000) | ($76,455,000) |
| Accrued Bond Interest - Series 2004, 2005 & 2012 | P | $3,969,671 | | | (3,969,671) | (3,969,671) |
| **Subtotal Senior Secured Claims** | | $80,424,671 | | | ($80,424,671) | ($80,424,671) |
| | | | | | | |
| **Total Senior Secured Claims** | | $80,424,671 | | | ($80,424,671) | ($80,424,671) |
| | | | | | | |
| **Average Recovery on Senior Secured Claims** | | | | | **26.1%** | **45.9%** |
| | | | | | | |
| **Net Proceeds Available for Administrative Claims** | | | | | **$ -** | **$ -** |
| | | | | | | |
| **Administrative Claims** | | | | | | |
| Payroll Liabilities | Q | $640,000 | | | ($640,000) | ($640,000) |
| Accrued Expenses/Post-Petition Trade/AP | R | $1,200,000 | | | ($1,200,000) | ($1,200,000) |
| **Total Administrative Claims** | | | | | **($1,840,000)** | **($1,840,000)** |
| | | | | | | |
| **Average Recovery on Administrative Claims** | | | | | **0.0%** | **0.0%** |
| | | | | | | |
| **Net Proceeds Available for Unsecured Claims** | | | | | **$ -** | **$ -** |
| | | | | | | |
| Trade Creditors | S | | | | ($1,000,000) | ($1,000,000) |
| Refundable Entrance Fees | T | $36,629,599 | | | (36,629,599) | (36,629,599) |
| Litigation Claims | U | | | | unknown | unknown |
| Rejection Damages/Other (Contingency) | V | | | | unknown | unknown |
| **Total Unsecured Claims** | | | | | **($37,629,599)** | **($37,629,599)** |
| | | | | | | |
| **Average Recovery on Total Unsecured Claims** | | | | | **0.0%** | **0.0%** |
| | | | | | | |
| **Shortfall** | | | | | **($98,876,557)** | **($82,996,257)** |

**Specific Notes to the Liquidation Analysis**

Current Assets

A. Cash and cash equivalents adjusted to equal the projected operating account, revenue fund as of September 29, 2023.
B. Escrow Entrance Fees and Reservation Deposits represents escrowed entrance fees, wait list depositors or 10% deposits made by potential residents. Escrowed entrance fees are fully refundable during the bankruptcy period resulting in 0% recovery. Waitlist deposits and 10% deposits are fully refundable, with interest accruing to the depositors prior to occupancy and would be returned to residents resulting in a 0% recovery.
C. Net A/R Residents consists of A/R due from Medicare, Medicaid, Co-insurance, Private Pay, and other.
D. Other Receivables & Prepayments represent short term promissory notes for a portion of entry fees. When paid, these amounts go into the escrow account with other entry fees.
E. Inventory consists of food. A recovery of 0% to 5% is assumed due to the perishable nature of food inventory.
F. Prepaid expenses include prepaid insurance, prepaid payroll, and prepaid taxes.
G. Construction in progress includes construction and deferred financing costs. CIP has been adjusted to exclude deferred financing costs which has 0% recovery.

H. Fixed assets includes land, buildings, equipment, furniture and fixtures, and vehicles. Recoveries are estimated at a blended rate. Recoveries on land are estimated at 65% – 70% based on benchmarking of the sale of distressed real estate. Recoveries on all other fixed assets are estimated at 15% – 40%.
I. Intangible assets represent capitalized marketing costs. Royalty Interests are values at 3x to 5x the Annuity which is estimated at $400,000 annually
J. Restricted Assets include trustee-held accounts, including the debt service reserve funds, and the Project and Bond funds. These amounts are recoverable however they are pledged to the secured creditors per the terms of the Indenture of Trust for the Series 2004, 2005 & 2012 Bonds. The adjusted total excludes the operating reserve account and revenue fund reclassed to cash and cash equivalents as noted in A above.

Professional Fee Carve-Out

K. Professional Fees estimated through December 31, 2023.
L. US Trustee Fees reflect estimated fees for the US Trustee through December 31, 2023.
M. Chapter 7 Trustee Fees projected to be $50,000 for fees and expenses.

Wind Down/Closure Cost

N. Wind Down / Closure is an estimate of the operating costs and wind down costs incurred during the wind down period.
O. Liquidating Trustee estimated to receive 3% of proceeds available per statutory default.

Estimated Senior Secured Claims

P. Long Term Debt includes outstanding principal amounts due on the Series 2004, 2005 & 2012, Series and accrued interest adjusted through petition date.

Administrative Claims

Q. Payroll Liabilities represents two weeks of accrued payroll liabilities accrued post-petition and due as of the liquidation date.
R. Accrued Expenses / Post-Petition Trade / AP estimated to be post-petition trade vendors that are unpaid as of the liquidation date per the financial projections.

Trade Creditors

S. Trade Creditors represents pre-petition amounts owed to vendors or other third parties.

Refundable Entrance Fees

T. Refundable Entrance Fees represents pre-petition amounts owed to residents and former residents, and the refundable portion of entrance fees only (balance as of 7/31/23) less Escrowed entrance fees noted in B above.

Litigation Claims

U. Litigation Claims represents the estimated cost of medical malpractice and other litigation to settle claims.

Rejection Damages/Other (Contingency)

V. All contracts are assumed to be rejected under a liquidation scenario.

**General Notes to the Liquidation Analysis**

No determination has been made of the going concern value of Epworth Villa. The aggregate value of Epworth Villa's assets, as shown on its Bankruptcy Schedules A/B is $120,443,938.19. The component values in Schedules A/B for office furniture, furnishings and equipment; machinery, equipment, and vehicles; and real estate are based upon book value, not fair market value. In addition, Schedules A/B do not include the value of Epworth Villa's royalty interests. In that respect, Epworth Villa owns certain oil and gas royalty interests that were donated to it. Epworth Villa has not obtained an appraisal of those royalty interests; however, the royalty income received by it since January 1, 2021, is as follows:

2021:  $362,401
2022:  $543,351
2023:  $250,956

In addition, with respect to the value of protentional avoidance recoveries under Chapter 5 of the Bankruptcy Code – *i.e.* preferential transfers made within 90 days of the bankruptcy filing, insider preferences made within one year of the bankruptcy filing, and fraudulent transfers: (i) all payments made within 90 days of the bankruptcy filing are itemized in the answer to Question 3 of the filed Statement of Financial Affairs; (ii) the only transfers made to insiders within one year of the bankruptcy filing were made either to Epworth Living, Inc. or to an officer for regular, ordinary course, employment compensation; and (iii) the only potential fraudulent transfers are payments made by Epworth Villa to Epworth Living, Inc. to enable Epworth Living, Inc. to make payments on its obligation to the Herman Meinders Trust. The amount paid by Epworth Living, Inc. to the Herman Meinders Trust in the last four years was:

2020 - $96,000
2021 - $96,000
2022 - $96,000
2023 - $72,000 (As of September 29,2023)

Epworth Villa has no known, actual or reasonably potential, affirmative claims against any non-related third parties.