**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

In re:

CENTRAL OKLAHOMA
UNITED METHODIST
RETIREMENT FACILITY, INC.
*d/b/a Epworth Villa*,

Case No. 23-12607

Chapter 11

Debtor.

**CORRECTED OBJECTION TO ALLOWANCE OF CLAIM OF THE MELVIN**
**PREGLER INHERITANCE TRUST, NOTICE OF OPPORTUNITY FOR HEARING,**
**AND NOTICE OF TELEPHONIC HEARING**

> **Your rights may be affected.  You should read this document carefully and
> consult your attorney about your rights and the effect of this document.  If you
> do not want the Court to sustain the objection, or you wish to have your views
> considered, you must file a written response to the objection with the Clerk of
> the United States Bankruptcy Court for the Western District of Oklahoma,
> 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days
> from the date of filing of the objection.  You should also serve a file-stamped
> copy of the response to the undersigned and file a certificate of service with the
> court.  If no response is timely filed, the court may sustain the objection and
> strike the scheduled hearing without further notice.**

Debtor, Central Oklahoma United Methodist Retirement Facility, Inc., d/b/a Epworth Villa

("Epworth Villa"), for this Objection to the Allowance of the Claim of The Melvin Pregler

Inheritance Trust ('Claimant"), Claim No. 52, states:

1.      Epworth Villa filed its voluntary petition for relief under chapter 11 of the United

States Bankruptcy Code on September 29, 2023.

2.      This Court has jurisdiction over the parties and subject of this contested matter

pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(B).

3.      This Objection is authorized by 11 U.S.C. § 502(a), Rule 3007(a)(1) Fed. R. Bank.

Pro. and Local Rule 3007-1.

4.      On December 18, 2023, this Court entered an Order Confirming Third Amended Chapter 11 Plan [Doc. 289] (the "Plan").

5.      The Effective Date under the Plan occurred on January 9, 2024.

6.      Epworth Villa has the exclusive right to bring this Objection pursuant to Section 9.2 of the Plan.

7.      Claimant filed proof of claim No. 52 on December 19, 2023, in the amount of $90,000.00 representing Claimant's investment in Series 2005A and Series 2012A Revenue Bonds of Epworth Villa.

8.      Claimant's claim is appropriately classified as a Class 1 Existing Bond Claim under the Plan.

9.      Under Section 4.4 of the Plan, Class 1 Claimants receive the following treatment:

> *Existing Bond Claims (Class 1).*  **Class 1 consists of the Existing Bond Claims against the Debtor.  Debtor has stipulated to Allowance of the Existing Bond Claims in the aggregate amount of at least $80,435,759.03.  Unliquidated, accrued and unpaid fees and expenses of the Existing Bond Trustee and its professionals incurred through the Petition Date and not paid during the Chapter 11 Case are also part of, and shall be added to, the aggregate amount of the Existing Bond Claims.  Eighty-five percent (85%) of the Existing Bonds plus accrued and unpaid interest through June 30, 2023 shall be exchanged for the Series 2023B Bonds in the principal amount of $66,700,000, and the remaining fifteen percent (15%) of the outstanding principal of the Existing Bonds, plus remaining accrued and unpaid interest on the Existing Bonds through the Petition Date shall be exchanged for the Series 2023C Bonds in the principal amount of $13,724,671.**

> **Upon the terms, and subject to the conditions, set forth in this Plan, in full and final satisfaction, settlement, release, and discharge of the Existing Bond Claims, each Holder of an Existing Bond Claim shall receive its Pro Rata share of the Series 2023B Bonds and Series 2023C Bonds on the Effective Date or as soon as practicable thereafter.  Accordingly, Class 1 Claims are Impaired.**

(emphasis supplied).

10. On October 13, 2023 this Court entered an Order setting December 1, 2023 as the deadline for filing claims in this case. Claimant's proof of claim number 52, filed on December 10, 2023, was not filed timely. That Order provides in pertinent part:

**If a creditor or other party in interest is required to file a proof of claim or interest but fails to timely do so, that party may be forever barred from: (a) asserting any such claim or interest against Epworth Villa; (b) receiving any distribution from the bankruptcy estate under any plan of reorganization; and (c) voting on any plan of reorganization proposed for confirmation.**

11. Accordingly, Epworth Villa objects to the allowance of Claim No. 52 because it was not timely filed and because, as a Class 1 Claim, it is being treated solely as an Existing Bond Claim under the terms of the confirmed Plan.

## NOTICE OF TELEPHONIC HEARING
### (TO BE HELD IF A RESPONSE IS FILED)

Notice is hereby given that if a response to this Objection is filed, the hearing on the matter will be held telephonically before the Honorable Sarah A. Hall of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 on March 6, 2024, at 9:30 a.m. by utilizing dial-in-number **(866)-590-5055** and access code of **4489321**. If no response is timely filed and the court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.

**WHEREFORE**, Epworth Villa requests that Claim No. 52 of The Melvin Pregler Inheritance Trust be disallowed to the extent it asserts entitlement to present payment of the claim amount, but that it otherwise be treated solely as a Class 1 Existing Bond Claim under the Plan, and for such further relief as this Court deems just.

Dated this 16 day of January, 2024.

Respectfully submitted:

*/s/ Sidney K. Swinson*

Graydon D. Luthey Jr. OBA # 5568
Sidney K. Swinson, OBA # 8804
Mark D. G. Sanders, OBA # 22922
Brandon C. Bickle, OBA #22604
**GABLEGOTWALS**
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma  74120
(t) 918.595.4800 | (f) 918.595.4990
dluthey@gablelaw.com
sswinson@gablelaw.com
msanders@gablelaw.com
bbickle@gablelaw.com

***Counsel to the Debtor***

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 16th day of January, 2024, a true, correct and exact copy of the above and foregoing document was served by electronic notice by the CM/ECF filing system and by placing same in the United States mail, with proper postage thereon fully prepaid, to the claimant listed below.

Melvin Pregler, Trustee
The Melvin Pregler Inheritance Trust
878 Black Cherry Court
Blanchard, OK 73010

*Claimant*

/s/ Sidney K. Swinson
SIDNEY K. SWINSON